UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| EMMANUEL L. HAYMON, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:20-CV-647-JD-MGG |
| WEXFORD INDIANA, LLC, et al., | |
| Defendants. | |

OPINION AND ORDER

Emmanuel L. Haymon, a prisoner without a lawyer, filed a complaint. A filing by an unrepresented party "is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Haymon, who is currently confined at the Westville Correctional Facility, alleges that he developed a headache on April 19, 2020. He took Tylenol, but his headache got worse, and he developed a fever and cough. He submitted a healthcare request on April 21, 2020. On April 22, 2020, Mr. Hood noticed that the shift log indicated that Haymon was having symptoms of Covid-19. He mentioned this to Haymon and asked if he was okay. Haymon indicated that he was not okay, but that he had submitted a healthcare

request. Mr. Hood told him to wait for the nurse to come see him. On April 27, 2020, Haymon still had not received any medical care. An officer noticed how ill Haymon was and found a nurse to check Haymon's vitals. Haymon was then told to go lay down. On April 29, 2020, another inmate noticed that Haymon was gasping for air and alerted an officer. The officer called a signal for a medical emergency. Medical staff checked Haymon's oxygen saturation levels, provided him with an IV and saline fluid, and administered a test for Covid-19. Although Haymon was not immediately told his test results, he did receive confirmation that he had tested positive for Covid-19 at some point. He was transferred to B2, where he has remained without receiving any further medical attention. He has sued Wexford Indiana, LLC, Warden John Galipeau, and Mr. Hood for monetary damages and injunctive relief.

Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). On the subjective prong, the plaintiff must establish that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even

2

though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal quotation marks, brackets, and citations omitted).

It is clear that Haymon suffered from a serious medical condition. However, Haymon has not plausibly alleged that Mr. Hood was deliberately indifferent to his medical needs. According to Haymon, the day after Haymon submitted a health care request, Mr. Hood asked if he was okay. Haymon indicated that he was not okay, but that he had submitted a request for healthcare. Mr. Hood told him to wait for the nurse. A few days later, after Haymon's mother had contacted the prison regarding his need for medical care, Mr. Hood called Haymon to his office. Mr. Hood again told him to go back to his dorm and rest. It was only after this that Haymon's condition deteriorated. But even then, when he was seen by a nurse, he was told only to lay down and drink lots of fluids. These facts do not permit an inference that Mr. Hood both knew that Haymon was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring. Thus, Haymon cannot proceed against Mr. Hood.

Haymon has also sued Warden Galipeau, but he alleges only that Warden Galipeau was aware of his condition and did not intervene. Section 1983 "liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise." *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id.* at 596. The doctrine of *respondeat superior*, which allows an employer to be held liable for subordinates' actions in some types of cases, has no application to § 1983 actions. *Moore v. State of Indiana*, 999 F.2d 1125, 1129 (7th Cir. 1993). "'[N]o prisoner is entitled to insist

that one employee do another's job,' and the division of labor is critical to the efficient functioning of the organization." *Aguilar v. Gaston-Camara*, 861 F.3d 626, 633 (7th Cir. 2017)(quoting *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). As the Seventh Circuit explained in Burks:

> The division of labor is important not only to bureaucratic organization but also to efficient performance of tasks; people who stay within their roles can get more work done, more effectively, and cannot be hit with damages under §1983 for not being ombudsmen. [The] view that everyone who knows about a prisoner's problem must pay damages implies that [a prisoner] could write letters to the Governor of Wisconsin and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign does not lead to better medical care. That can't be right. The Governor, and for that matter the Superintendent of Prisons and the Warden of each prison, is entitled to relegate to the prison's medical staff the provision of good medical care.

*Burks*, 555 F.3d at 595. Personal liability requires more than a showing that the defendant knew of the plaintiff's plight. Allegations that the defendant is a supervisor or that the defendant knew of his complaints will not suffice. Thus, Haymon may not proceed against Warden Galipeau in his individual capacity.

Haymon has also sued Wexford Indiana, LLC. There is no general *respondeat superior* liability under 42 U.S.C. § 1983. *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001); *see also Johnson v. Dossey*, 515 F.3d 778, 782 (7th Cir. 2008) ("[A] private corporation is not vicariously liable under § 1983 for its employees' deprivations of others' civil rights."). Because Haymon's allegations against Wexford appear to be

4

based only on the alleged poor decisions that its staff made in connection with his care, he cannot proceed against Wexford.

Lastly, Haymon seeks injunctive relief from Warden Galipeau. More specifically, he seeks transfer to a level one facility that can provide constitutionally adequate medical treatment and that will retest him for Covid-19. Haymon does not explain why he believes it is necessary to test him for Covid-19 again now when he was infected with Covid-19 in April of 2020. And, his complaint does not suggest that he is currently receiving constitutionally inadequate treatment for any medical condition. Thus, he cannot proceed against Warden Galipeau on his claim for injunctive relief. Until there is a complaint before the court that states a claim, the court cannot even consider granting a preliminary injunction. "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. NRDC*, Inc., 555 U.S. 7, 20 (2008).\\

While the complaint does not state a claim, Haymon will be given an opportunity to replead his claims. *Luevano v. WalMart Stores, Inc.*, 722 F.3d 1014, 1022-23, 1025 (7th Cir. 2013); *Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006). In the amended complaint, he should explain in his own words what happened, when it happened, where it happened, who was involved, and how he was personally injured, providing as much detail as possible.

For these reasons, the court:

(1) DENIES Emmanuel L. Haymon's request for a preliminary injunction (ECF 4);

(2) DIRECTS the clerk to place this cause number on a blank Prisoner Complaint form Pro Se 14 (INND Rev. 2/20) and send it to Emmanuel L. Haymon;

(3) GRANTS Emmanuel L. Haymon until **September 7, 2020**, to file an amended complaint on that form; and

(4) CAUTIONS Emmanuel L. Haymon that if he does not respond by that deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim.

SO ORDERED on August 4, 2020

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT